1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2  Name  **MILLER**      **ERNEST**     **JR**
3           (Last)              (First)           (Initial)

4  Prisoner Number  **T-97203**
5  Institutional Address  **-C.S.A.T.F-CORCORAN STATE PRISON C-D-C**
6

7           UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF CALIFORNIA
8
   **ERNEST MILLER JR**
9  (Enter the full name of plaintiff in this action.)
                                                    )
10                    vs.                           )  Case No. **C 07 4766 (PR) SI**
                                                    )  (To be provided by the Clerk of Court)
11 **C-D-C "WARDEN And STAFF**                      )
      WARDEN           WARDEN                       )  COMPLAINT UNDER THE
12 **A.K. SCRIBNER & DARREN ADAM**                  )  CIVIL RIGHTS ACT,
                                                    )  Title 42 U.S.C § 1983
13 **"ICC" MR. P. MENDES - MR. B. KIBLER**          )
                                                    )
14 **MR. M. FISHER of (CLASSIFICATION COMMITTEE)**  )
   (Enter the full name of the defendant(s) in this action)
15                                                  )

16  *[All questions on this complaint form must be answered in order for your action to proceed..]*

17  I.    Exhaustion of Administrative Remedies.

18        [**Note:** You must exhaust your administrative remedies before your claim can go

19        forward. The court will dismiss any unexhausted claims.]

20        A.    Place of present confinement  **CORCORAN STATE PRISON**

21        B.    Is there a grievance procedure in this institution?

22              YES (✓)    NO ( )

23        C.    Did you present the facts in your complaint for review through the grievance

24              procedure?

25              YES (✓)    NO ( )

26        D.    If your answer is YES, list the appeal number and the date and result of the

27              appeal at each level of review. If you did not pursue a certain level of appeal,

28              explain why.

COMPLAINT                            - 1 -

1. Informal appeal "CSATF" CORCORAN APPEALS BY PASS on MAY-6-2005 And MAY-11-2005 APPEAL # SATF-C- 05-01687

2. First formal level MAY-27-2005 DENIED - TRANSFER & Single CEll APPEAL RESPONSE LOG. NO: SATF-C-05-01687 TRANSFER AS Single CEll inmATE TO AnoTHER institution

3. Second formal level AUGUST-1-2005 Log no. SATF-C-05-01687 Single CEll APPROVED inmATE is DENIED (ICC) REimbuRsemenT of ApplianCES in CEll ASSAulT/DENIED

4. Third formal level NOVEMBER-07-2005 DiRECTORS LEVEL APPEAL CASE: no.#0502054# #C·ORDER: no cHanges oR modificATions by C-D-C institution

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (✓)   NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. _____

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

ERNEST MILLER # T-97203
P.O. BOX # 3481
CORCORAN, CALIF, 93212

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

(#1st WARDEN) A·K· SCRIbneR (2#nd WARDEN) DARREN AdAms

COMPLAINT            - 2 -

ICC-
1  MR. P. MENDES - Acting Captain (Classification
2  MR. B. KIBLER - CCII Counselor     Committee
3  MR. M. FISHER - CCI Counselor      I.C.C
4  ALL DUE TO LATIN-SKIN HEAD - RACIAL-DISCRIMINATION
   P.C.13519.4.C-1                 on BLACK AND CHRISTIANS Religion
5  III.  Statement of Claim.          AT CORCORAN PRISON.

6  State here as briefly as possible the facts of your case. Be sure to describe how each
7  defendant is involved and to include dates, when possible. Do not give any legal arguments or
8  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a
9  separate numbered paragraph.

10 On 3-24-05 inmate E. Miller #T.03 went to
11 classification-Committee at "C-SATF," and seen #4#
12 Four-white males "CCI"-Counselor -MR- M. Fisher and
13 ("CCII" MR. B. Kibler Counselor) and "Acting Captain"
14 MR. P. MENDES) And one more white-male medical
15 for "CCCMS". All due to Racial-Discrimination on (BLACK CHRISTIANS)
16 who knowingly and intentionaly - Forced MR. Miller#T.03
17 under duress to take a cellmate. Or go to Discipline "AD-SEG"
18 Lock-up" Indeterment "SHU" for #10# months. Inmate Complied
19 MR. E. Miller # T.03 Took new cell mate on 4-9-05 in C-2-107Low
20 who" Boiled-Hot-Water" and sugar in (Hot-Pot) Then threw it on
21 E. Miller #T.03 Burning off his skin on chest and under arm-
22 Pits Then tried to beat him to death, Breaking his radio appliances-
   on him etc. for fileing a 1983# 42.U.S.C on Delano in 2003
23 IV.  Relief.

24 Your complaint cannot go forward unless you request specific relief. State briefly exactly
25 what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26 Prisoner is seeking for money damages to cover his
27 Appliances And Things He Lost. Also for the hurt and pain
28 He suffered of skin Burning off his chest for two whole hours.
   while He banged on door of his cell to try to go in the shower,
   as well prisoners due have rights to the due process clause.
   COMPLAINT              -3-    (Wolff V. McDonnell) 418 U.S. 539.556
                                                              (1974)

1  C-D-C STAff c/os STATED in TWO HOURS - DUE To THE pHysiCAL pAin of
2  BURns while still fightTing To not get BeAT To DEATH with cell-mATE
3  BY foRCE of C-D-C wARDEn And sTAff. PRisoneR is in FEAR To Be incell
4  with Any-oTHeR inmATe, pictures weRe TAken. HeAlTH cARe shall not Be
   Forced in KeyHea V. RusHen solAno County SupERioR CouRT no. 67432
5  I declare under penalty of perjury that the foregoing is true and correct.

7  Signed this ELEVEN day of SepTembER, 20 07

   *Ernest Miller*
   9-11-2007
   (Plaintiff's signature)

COMPLAINT                                  - 4 -

PC-13519.4.C.1

STATE OF CALIFORNIA                                                                                         DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

TC: CLASSIFICATION COMMITTEE    PC-832    PG-147

Location: Institution/Parole Region    Log No.    Category

1. STAFF-C    1. 05-01687    7

2. _____    2. _____    C-8    C8-128L

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: MILLER, Ernest    NUMBER: T-97203    ASSIGNMENT: TO: FCC CLASSIFICATION COMMITTEE    UNIT/ROOM NUMBER: C8-128Low

A. Describe Problem: On 3-24-05 inmate E.Miller #T-03 went to Classification Committee and seen #4# white males CC-I M.Fisher CC-II B.Kibler (CAPTAIN CHAIRPERSON) P.Mendes (A) And one more white male who was medical "CCCMS". Who knowing and intentionaly forced Mr. Miller #T-03 under duress to take a cellmate. Or go to discipline lock-up "AD-SEG" indeterment "SHU" for #10# months. Inmate E.Miller #T-03 took new cellmate on 4-9-05 in C-2-107Low who "boiled" hot water "and sugar in" hot pot" then threw it on his cellmate E.Miller #T-03 burning off his skin on chest and under armpits. Then tried to beat him to death while burning in pain breaking his radio, T.V. on him etc. Then told him for doing law-work on California Department of Corrections filing a lawsuit.

Need all appliances - reimbursed - due to force

B. Action Requested: Under California Code of Regulations Title #15# Section #3160# "A Law" staff shall not in any way, retaliate against or discipline any inmate for initiating or maintaining a lawsuit. #3160 "A Top") inmate access to courts shall not be obstructed therefore it is deemed neccessary P.C-832 be filed & single man cell be granted at another institution prison.

Inmate/Parolee Signature: Ernest Miller    Date Submitted: 5-4-05

CSATF APPEALS   CSATF APPEALS
MAY 11 2005      MAY 06 2005

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: 

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

First Level: ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __5-1-05__   Due Date: __6-23-05__

Interviewed by: _____

Staff Signature: __J. GALLAGHER__   Title: __LIEUTENANT__   Date Completed: __CSATF APPEALS__

Division Head Approved:

Signature: _____   Title: __ALW__   Date Returned to Inmate: __JUN 21 2005__

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response. REQUEST RE-IMBURSMENT FOR APPLIANCES: AS WELL TRANSFERR DUE C-D-C STAFF MISCONDUCT I WAS GRANTED USE OF LAW-LIBRARY ON "602" COMPLAINT. BUT LAW LIBRARY IN PRISON IS FOR PRISONERS WITH CRIMINAL CASE'S NOT FOR C-D-C STAFF. ALSO MY PERSONAL APPLIANCES (ADIO, T.V. ETC. HAS BEEN DESTROYED WITH NO HELP. PLUS C-D-C STAFF STATED THEY ARE GOING TO PUT ME WITH A CELL MATE AGAIN THIS IS CORCORAN. REQUEST TRANSFERR.

Signature: __Ernest Miller__   Date Submitted: __6-29-05__

CSATF APPEALS

Second Level: ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __JUL 07 2005__   Due Date: __8-4-05__

☒ See Attached Letter

Signature: __N.R. Mauri, CCII__   Date Completed: __8-1-05__

Warden/Superintendent Signature: _____   Date Returned to Inmate: __8/2/05__

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. "CORCORAN" STATE PRISON" KEEP RESPONDING "602" COMPLAINT BEING (PARTIAL GRANTED) BUT INMATE NEVER RECIEVE NOTHING. ON 8-11-05 I HAD U.C.C. CLASSIFICATION INTERVIEW WITH CC-II "Mendes" CAPTAIN T. WAN AND ASSOCIATE WARDEN MRS. HANS WHO SAID YOUR APPEAL "602" IS DENIED YOU GET NOTHING." AND YOUR GOING TO BE DOUBLE CELL. THERE FINDING YOU A CELL MATE COMPATIBLE E. MILLER STATED I HEARD THAT WITH LAST CELL MATE NOW I HAVE BURNS ON MY BODY FOR THE REST OF MY LIFE. IF YOU DON'T TAKE CELL MATE "WE WILL DEAL WITH IT THEN." 115. LOCK-UP-AD-SEG. ETC REQUESTING. SECTION "B" ACTION GRANTED.

Signature: __Ernest Miller__   Date Submitted: __8-16-05__

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____
☒ See Attached Letter

Date: __NOV 07 2005__

CDC 602 (12/87)

THE "C.C-I" M. FISHER and "C.C-II" B. KiBLER (12) CHAIRPERSON T. MENDES (A) STATED TO inmate "E. miller # T-03" you will be moving to cellmate OR go TO HOLE "AD-SEG" "LOCK-UP" TODAY NOW! inmate E. miller # T-03 STATED OKAY I HAVE TO DUE my LAW CASES TO GET TO "PRO-SE" "LAW-LiBRARY" I will TAKE YOUR CELLMATE but YOU ARE FORCEing ME on "4-5-05" I WAS moved from C-8 #132 Low to C-2 #107 Low TO CELLMATE C-CALHoun # V-15. THAT CLASSIFICATION COMMITTEE AND C/O OFFICERS PICKED FOR E. miller # T-03 on 4-5-05 FOUR # 4 # DAYS LATER 4-9-05 C-CALHoun V#15 THREW "BOILING HOT WATER" # 180 # DEGREES with "SUGAR" THAT HE PURCHASED AT PRISON CANTEEN STORE # 2-LITER-HOT-POT AT E. miller # T-03 "FACE And NECK. BUT E. miller # T-03 JUMPED UP THREW HIS HANDS UP And BOiLing "HOT-POT-WATER" HIT Him in "CENTER OF CHEST" And UNDER "ARM PITS" BURNING SKIN OFF. THEN TOOK ALL MR. miller # T-03 APPLIANCES "RADIO" T.V. SO FORTH And TRYED TO BEAT MR. miller.T-03 # TO CRAP WITH iT. EVERYTHING WENT TO PIECES BREAKING on MR. miller # T-03 And CONCRETE PRISON CELL TO PIECES ON FLOOR C-CALHoun V # 15 STATED HE'S FROM DOWN SOUTH THIS IS FOR FILEING A CITIZEN COMPLAINT P.C.-832 on "C-D-C" CENTINELA YOUR going TO "mine Some body" FOR DOING LAW WORK AGAINST "C-D-C" And JUMPED ON TOP Of Him TRYing TO BEAT Him TO "DEATH". WHILE BURNING with "HOT-POT-WATER" in His CHEST And Lying on His BACK, MR. miller T-03 KICKED CELLMATE C-CALHoun V # 15 in STOMACH WHILE on His BACK BURNING with HOT WATER "KNOCKing" CELLMATE C-CALHoun V # 15 "Wind OUT" of Him C-CALHoun-V.#15 STATED THAT'S IT, HE'S FINISH with iT.

YOU "DISRESPECTED ME" coming in my CELL E. miller # T-03 STATED CLASSIFICATION-COMMiTTEE C/O OFFICERS FORCED ME TO BE HERE, OR go TO LOCK-UP-FOR # 10 # months in JUST BOXER SHORTS, no PROPERTY THATS iT. PRISON GAURDS LEFT ME in CELL # 2 # HOURS BURNing THEN OPENED THE DOOR, THEY THOUGHT my CELL MATE "STABBED-ME". So THEY LEFT ME TO "BLEED" OF ETERNAL "BLEEDING" FOR TWO HOURS BEFORE OPENing DOOR. THEN TOLD ME NEXT TIME YOUR going TO GET LOT OF HOLE'S POKED in YOU, STABBED, ON "4-28-05" MEDICAL THERAPY ENDED DUE TO ME being in PAIN BURNS AND on NARCOTIC-DRUG-ViCADINE COULD NOT DO 602 COMPLAINT REQUESTING ASSISTANCE FROM OTHER LAW AGENCY. NOW.

E. MILLER

Due to "C-D-C" California Department of Corrections officers "Gaurds" are knowing and intentionaly hindering me from "Law-Library" and access to "Store Canteen" once a month, to buy "Legal-Supplies" due to not being indigent of funds they cannot give me indigent envelopes to write courts due to having funds, Canteen approved 4-8-05 but denied see "Trust Account."

But however due to me keeping contact with the courts "C-D-C" officers = Gaurds, are very upset at me constantly that they keep giving me cellmates. who are trying to hurt me the worst that they can on "3-24-05. I went to Classification = Committee and seen. CC-I M. Fisher CC-II B. Kibler and Captain = Chairperson P. Mendes (A) white male medical.

Who stated to me I was giving a "Homosexual male" cellmate on 3-16-05 in Cell "C-6-208 Low named "Matthews" who you refused. Stateing you are a "Christian man" but this is "Corcoran" and I do not know where you come from, Mr. Miller #T-03 but here your "Double-Cell-Clear" and going to take the "Cell-Mate" we pick for you or you will be on the next bus out of here, next door for a #10# month "Indetermen SHU" so Mr. Miller #T-03 inmate stated due to him doing Law-Work and filed a "Civil Rights" petition against C-D-C California Department of Corretions Warden and staff in classification Committees. Keep endangering = Mr. Miller #T-03# Life

Due to on going "Civil Rights" court case in "Federal Courts" against C-D-C California Department of Corretions classification = committee CC-I M. Fisher CC-II B. Kibler and Captain Chairperson P. Mendes (A)

Forced Mr. Miller #T-97203" to take a cellmate in cell C-#2#107Low Mr. C. Calhoun #V-15 or go to "Lock-up" for #10# months - Solitary - Confinement AD-SEG Mr. Miller #T-03 pleaded with classification - Committee telling them. they keep endangering his Life with new cellmates. due to him doing "Law-Work." NO He is single cell thats why he got kick-out of, "Last Prison Lancaster."

STATE OF CALIFORNIA                                           DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
|---|---|---|
| ERNEST MILLER | Ernest Miller | 5-4-05 |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER / DATE SIGNED |
| ERNEST MILLER | Ernest Miller | T-97203  9-11-07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |
| J. GALLAGHER |  | 5/24/05 |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: **NOV 0 7 2005**

In re: Miller, T-97203
California Substance Abuse Treatment Facility and
State Prison at Corcoran
P.O. Box 7100
Corcoran, CA 93212-7100

IAB Case No.: 0502054        Local Log No.: SATF 05-01687

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. Enriquez, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that the California Substance Abuse Treatment Facility and State Prison at Corcoran (SATF) UCC knowingly, intentionally and under duress forced him to accept a cellmate. He contends that the cellmate placed in his cell then boiled hot water and sugar and threw it at him burning his skin and chest and tried to "beat him to death while breaking his radio and television. He claims that the cellmate told him the reason was for the appellant "doing law-work on CDC filing a lawsuit." He requests no retaliation or disciplinary action be taken against him for filing this appeal or a lawsuit and that he be single celled even when transferred to another institution.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant has not been subjected to misconduct on the part of named staff. The reviewer affirms that appropriate supervisory staff have been assigned to conduct a fact-finding investigation into this matter. The fact-finding investigator reviewed the submitted material and interviewed the involved parties. Based upon developed information, the fact-finding investigator determined that the allegation of staff misconduct was not sustained. The appellant was informed that no reprisals would be taken against him for filing this appeal. The request to be transferred to another institution was denied based on the Institution Classification Committee action of April 13, 2005, and the UCC action of April 27, 2005, who both reviewed his case factors and found that he was appropriately housed at the SATF. The appellant's current single cell housing was noted. The reviewer noted that the appellant's request for reimbursement on the appliances, allegations of denial to the law library and allegations of a delay in medical care would not be addressed in this staff complaint appeal and the appellant was directed to file another appeal on those issues. The appeal was granted in part by the Second Level of Review (SLR).

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and a fact-finding investigation has been completed at the SLR.

In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an investigation, the appellant is to be notified by the respective investigative body that an inquiry has been completed and whether the complaint was unsubstantiated or substantiated. In this case, the institution has reported the disposition to the appellant.

MILLER, T-97203
CASE NO. 0502054
PAGE 2

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

The appellant has not presented any information at the Director's Level of Review that reprisals were taken against him of filing this appeal or pursuing a lawsuit. The appellant has not submitted any evidence or documentation to substantiate his allegations that the UCC intentionally, knowingly and under duress placed him in a cell with another inmate. The institution has noted in the inquiry that the appellant was cleared to double cell at the time of the UCC action and nothing was presented at the UCC to show otherwise. On September 13, 2005, the appeals examiner reviewed the appellant's central and noted CDC Form 128-B, General Chrono, dated April 13, 2005, that reflected that the appellant informed Correctional Counselor II P. Mendes that the appellant was attacked because the cellmate wanted another inmate to move into the cell and he did not like the appellant taking "bird baths" in the cell. He stated that the officers had put in to move the appellant, but the cellmate attacked him before the move could be completed. This information conflicts with the appellant's statement in this appeal that he was attacked because he was "doing law-work on CDC filing a lawsuit."

**B. BASIS FOR THE DECISION:**

California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3001, 3270, 3375, 3375.1, 3391

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, SATF
      Appeals Coordinator, SATF

State of CaliforniaDepartment of Corrections

# Memorandum

Date:August 1, 2005

To:Miller, T-97203
California Substance Abuse Treatment Facility and
State Prison at Corcoran

Subject:SECOND LEVEL APPEAL RESPONSE
LOG NO.:SATF-C-05-01687

### ISSUE:

This appeal is filed relative to your assertion that Facility C Correctional Counseling Staff, California Substance Abuse Treatment Facility and State Prison (CSATF-SP), California Department of Corrections and Rehabilitation (CDCR), displayed negligence and poor judgment in verbally forcing you to take/accept a cellmate. You claim you agreed to accept a cellmate under duress, for you contend you were threatened with indeterminate Security Housing Unit (SHU) placement if you refused to accept a cellmate. Furthermore, you contend Facility C Correctional Officers (CO's) have obstructed you from participating/denying you access to the Law Library. Moreover, after noting the in cell assault that you were the victim of (assailant throwing boiling hot water on you and beating you with your appliances), subsequent to Facility C Unit Classification Committee (UCC) clearing you for Double Cell housing, you allege Facility C staff denied you medical attention for approximately two hours (burns to your chest and under-arms). Lastly, you note your objection to all four members of your 3-24-05 UCC being white males.

You are requesting: 1) reimbursement for your broken appliances; 2) that you receive no retaliation/reprisals in response to your current Civil Rights complaint against Facility C Correctional Counseling staff, the CSATF-SP Warden, and the CDCR; and 3) that you be given a transfer to another prison as a Single Cell status inmate.

### INTERVIEWED BY:

J. Gallagher, Correctional Lieutenant, on 5/24/05. During the aforementioned interview you were afforded an opportunity to ask questions, clarify your issues, and provide any supporting documentation.

### REGULATIONS:

The rules governing this issue are taken from the California Penal Code (PC) and the California Code of Regulations (CCR), Title 15:

**PC 148.6.False allegations of misconduct against Peace Officers; advisory**

Miller, T-97203
LOG NO. 05-01687
PAGE 2

**Form; signature; civil claims intended to harass or dissuade officer**
**PC 832.7.   Personnel records; confidentiality; discovery; exceptions; complaint disposition notification**
**PC 832.8.   Personnel records**
**CCR 3004.   Rights and Respect of Others**
**CCR 3084.1. Right to Appeal**
**CCR 3376.   Classification Committees**
**CCR 3391.   Employee Conduct**

## SUMMARY:

J. Gallagher, Correctional Lieutenant, investigated your appeal at the First Level of Review (FLR). Subsequently, your appeal was partially granted. An Administrative fact finding investigation was completed relative to your allegations, and the results were allegations unfounded.

V. Garcia, Appeals Coordinator, investigated your appeal at the Second Level of Review. Upon review of the documentation submitted, and after reviewing the results of the aforementioned fact finding investigation, it is determined your allegations of staff misconduct relative to the above noted Facility C Counselors are deemed unfounded.

In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an investigation, the appellant is to be notified by the respective investigative body that an inquiry has been completed and whether the complaint was unsubstantiated or substantiated. In this case, the complaint was not substantiated.

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

## DECISION:

This appeal is partially granted. The appellant will receive no reprisals, nor will he be retaliated against, for submitting this appeal. However, the appellants request for a transfer to another institution as a Single Cell approved inmate is denied. CSATF-SP Institution Classification Committee (ICC) action of 4-13-05, and CSATF-SP UCC action of 4-27-05 both reviewed your case factors and determined you were appropriately housed at CSATF-SP. The appellants current single cell status is noted.

Lastly, per Administrative Bulletin 98-10, the appellant's issues regarding: 1) the reimbursement for the assailant breaking the appellants appliances during the aforementioned in cell assault; 2) the appellant being obstructed/denied access to the law library; and 3) the appellant's medical attention being delayed subsequent to the aforementioned assault, will not be dealt with within this appeal. This appeal has been classified/categorized as a staff complaint against Facility C Correctional Counseling staff. The appellant may submit other appeals regarding the above noted issues. Note, you may utilize a copy of this appeal as proof of your attempt to resolve this matter via

Miller, T-97203
LOG NO. 05-01687
PAGE 3

the inmate/parolee appeal system (proof of attempt to resolve issue within time constraints).

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

DERRAL G. ADAMS
Warden
California Substance Abuse Treatment Facility and State Prison at Corcoran

NAME and NUMBER  Miller T97203                                    CDC-128-B (Rev. 4/74)

Inmate Miller, T97203 was interviewed this date regarding his Ad/Seg placement on 4-9-05 due to being the victim of a battery. S stated that he and his cellie (Calhoun, V51315) were not getting along because Calhoun wanted his homeboy to move in the cell. Miller also stated that he would take bird baths in the cell and Calhoun did not like that. Miller states that they told the floor officers that they needed a cell move and that the officers had put in for a move but before they could be moved Calhoun threw hot water on him. S is requesting to leave this institution and be transferred to another G.P. Institution.

DATE                                                              GENERAL CHRONO
4-13-05          P. Mewors, CCII

---

NAME and NUMBER     **MILLER**     **T-97203**     **FD-B1-113L**     CDC-128B (Rev 4/74)

On Saturday, November 27, 2004, Inmate MILLER, T-97203, FD-B2-237L, refused to return to his assigned cell. Upon interviewing both inmates, inmate WHITEHEAD, T-05147, alleged that he and MILLER had a cellfight and he that he considered MILLER an enemy. MILLER was rehoused in D1-113 pending placement in Administrative Segregation (Ad/Seg). Due to enemy concerns, and noting that MILLER was discharged from the EOP program on 11/24/04 to CCCMS level of care, MILLER is being placed in Ad/Seg pending review by committee to determine MILLER's housing/program needs. R is aware of this documentation.

Records, C-File
CC-I
Writer                                **P. BOWEN, Correctional Sergeant**
Inmate                                CSP-LAC/Facility "D"

**12/9/04**         **INFORMATIVE – SAFETY CONCERNS**          GENERAL CHRONO

State of California                                                                                            Department of Corrections

# Memorandum

Date:     May 27, 2005

To:       Inmate Miller T-97203
          California Substance Abuse Treatment Facility and
          State Prison at Corcoran

Subject:  FIRST LEVEL APPEAL RESPONSE
          LOG NO.: SATF-C-05-01687


ISSUE:

Correctional Lieutenant J. Gallagher, investigated appellant's appeal at the First Level of Review.

It is the appellant's position that this appeal is concerning classification committee forcing him to take a cellie.

The appellant requests on appeal that no reprisals, access to courts and be placed on single cell status and transferred to another institution due to the incident on April 9, 2005.

INTERVIEWED BY: Correctional Lieutenant J. Gallagher conducted an interview with inmate Miller on May 24, 2005. Effective communication was established during this interview based on Inmate Miller answering the questions I asked. Inmate Miller stated he understood the questions and the information.

CONCLUSION: Correctional Lieutenant J. Gallagher investigated the appellant's appeal at the First Level of Review. Subsequently the appellant's appeal was Partially Granted. The appellant was informed that an investigation was conducted and a finding regarding appellant's allegations was unfounded.

Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and a fact finding investigation has been completed at the First Level of Review.

In the event that staff misconduct was unfounded, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an investigation, the appellant is to be notified by the respective investigative body that an inquiry has been completed and whether the complaint was no finding, not sustained, unfounded, exonerated, or sustained.

CASE NO.
PAGE 2

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

DECISION: The appeal is Partially Granted at the First Level of Review. No retaliation, Granted, access to courts Granted, transfer as single cell inmate to another institution Denied.

The inquiry has been completed and your complaint was determined to be not sustained. The appellant is advised that this issue may be submitted for a Second Level of Review if desired.

J. Gallagher
Correctional Lieutenant
Facility IV-C

L. Hense
Associate Warden
Central Services

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, __ERNEST MILLER__, declare:

I am over 18 years of age and a party to this action. I am a resident of __CORCORAN STATE PRISON__ Prison,

in the county of __LASSEN COUNTY__,

State of California. My prison address is: __CORCORAN STATE PRISON P.O. BOX #3481__.

On __SEPT 11-2007__
(DATE)

I served the attached: __A 1983- 42·U.S.C__

(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __9-11-2007__     __Ernest Miller__
(DATE)                        (DECLARANT'S SIGNATURE)